UTICA,
August, 1829.

JACKSON, *ex dem.* HOTCHKISS and others, *vs.*
R. & W. WIGHT.

Jackson
v.
Wright.

THIS was an action of ejectment, tried at the Columbia circuit, in April, 1827, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The lessors of the plaintiff, who are the daughters and sons-in-law of one *Jacob Elias*, claimed to recover the moiety of a farm, of which the defendant, *Rachel Wight*, (the widow of Jacob Elias,) and her son, William Wight, by a second marriage are in possession. They claimed as the heirs of law of Henry Elias, (a son of Jacob Elias,) who died in 1808, leaving no wife or children. Jacob Elias died in 1786, seised of a farm containing about 200 acres of land, the west half of which, on a partition amongst his children in 1806, was conveyed to his son Henry, and the east half was conveyed to the other children. The east half was subsequently acquired by the defendants by purchase.. The defendant, Rachael Wight, since the death of her first husband, Jacob Elias, has continued to reside on the farm of which he died seised. Her son Henry resided with her until his death.

The defendant claimed to hold the premises under the will of her husband, until provision was made for her maintenance, conformably to the directions of that will. The will of Jacob Elias was dated in October, 1786. By it, the testator gave and devised all his estate, real and personal, to *his children*, to take possession thereof on their severally becoming of full age. After thus disposing of his property, the will proceeds in these words: " My will and pleasure is, that my beloved wife Rachel shall hold, use, occupy and enjoy my whole estate, as well real as personal, until the time mentioned above for my children severally taking possession thereof; provided always, and it is my express will and pleasure, that my said children shall severally, before they take any possession of my estate, give severally such good and sufficient security for their proportion, according to their said several shares of my estate, for and towards such a competent maintenance of my

*Where a testator, after devising all his estate, real and personl, to his* children, *to be taken possession of by them on their severally coming of age, added a clause declaring his will to be, that his* wife *should hold the whole estate until his* children *severally came of age; and that they severally, before they took possession of his estate, should give security according to their several proportions of the estate, for and towards a competent maintenance of his wife during her natural life; it was held, that the wife of the testator was entitled to retain possession of the estate until provision was mnde for her by her children in the manner directed by the will.*

said wife during her natural life, as two indifferent men, to be chosen mutually between my said wife and such child or children, so to be obligated, shall judge sufficient."

There was an unsuccessful attempt made on the trial to shew that Henry, the son of the defendant Rachel, had complied with this clause of the will ; and evidence was also given to shew the nature and character of the possession of the farm by Henry, after the partition in 1806, until his decease in 1808. The cause, however, was disposed of at the circuit on a construction given to the will of Jacob Elias by the presiding judge, who charged the jury that by it, the defendant, Rachel Wight, had no right to possess the real estate longer than until the children of the testator came of age ; and that the provision for her maintenance did not postpone the right of entry of the devisees until they gave the security mentioned in the will, but operated only as a charge upon the land ; and that the plaintiff was entitled to recover. The jury found accordingly. A motion was now made to set aside the verdict.

*A. L. Jordon,* for defendants. The will of Jacob Elias gave to his widow a life estate by necessary implication, subject to be defeated only by the children executing securities for her maintenance, in compliance with the terms of the will. This manifestly was the intent of the testator, and therefore ought to prevail.

*E. Williams,* for plaintiff. The widow must be presumed to have consented to the partition. She became a purchaser under it, in buying in the east half of the farm. The intention of the testator was, that if one or more of his children came of age, and required the possession of his or their share, before all the children arrived of age, such children requiring the possession should give the security prescribed by the will ; but it was not his intention that the widow should continue in possession after they all arrived of age. On the contrary, he had declared that on their coming of age, they should take possession ; and he authorised her to hold only until that event. He made provision for her maintenance, and it was

a charge upon the estate ; but the devise to the children is not subject to any condition, nor is their right of entry dependant upon the performance of the requirements of the will.

*By the Court,* SUTHERLAND, J.  It is not denied that the lessors are bound to provide for the defendant.  But it is contended that they are entitled to the possession of the estate, *charged with the support of the defendant;* and that making provision for her support is not, according to the true construction of the will, a condition upon the performance of which their right of entry depends.  The case depends then upon the construction to be given to the will of Jacob Elias.

It was evidently the intention of the testator to make a certain and competent provision for the comfortable support of his wife.  He accordingly gives to her the use of his whole real and personal estate during the minority of his children, and expressly directs that the children, before they shall take possession of the estate, shall give satisfactory security for the competent maintenance of their mother.  He put her in possession of his whole estate, and he did not intend that she should be deprived of such possession until other provision was made for her.  A mere right of action against the lessors, together with a charge upon the estate for a sum equal to the support of the defendant, would leave it in the power of the lessors, temporarily at least, to deprive her of a home and the means of support, if they thought proper to avail themselves of the delay which the law would enable them to interpose against her demand.  It appears to me that the testator intended to put the provision for his wife beyond all hazard ; he gave her the possession of his whole estate, which he meant she should retain until other provision was made for her by her children in the manner directed in the will.  This is the natural and plain construction of the instrument ; it carries into effect what was evidently the cardinal object of the testator.  If I am correct in this view of the case, the judge erred in the construction which he gave to the will, and a new trial must be granted.

The evidence as to the possession of Henry Elias of the premises in question, after the division which appears to have been made between the children, is somewhat contradictory. If that was a point relied upon by the plaintiff, it should have been submitted by the court to the jury as a matter of fact. The court, however, without, adverting to that point, expressed a decided opinion against the defendant upon the construction of the will.

<div align="right">New trial granted.</div>